379 P.2d 963

Bert CAMPBELL and Myrtle Campbell, his wife, Petitioners,

v.

Honorable Anthony T. DEDDENS, Judge of the Superior Court of the State of Arizona, in and for the County of Cochise, and M. E. McPherson, Clerk of the Superior Court of the State of Arizona, in and for the County of Cochise; and Lester B. Stout and Mamie B. Stout, his wife, real parties in interest, Respondents.

No. 7843.

Supreme Court of Arizona.

En Banc.

March 28, 1963.

Wade & Smith, Mesa, for petitioners.

John Pintek, Bisbee, for respondents.

UDALL, Vice Chief Justice.

This is a petition for a Writ of Mandamus to compel the respondent, Judge of the Superior Court in Cochise County, to dismiss an action pursuant to Rule V(d) of the Uniform Rules of Practice of the Superior Court.[1] An alternative writ has been granted.

Respondents Lester Stout and Mamie Stout, the real parties in interest, filed their

1. Rule V, (d) and (e):
    "(d) Inactive Calendar. The clerk of court or court administrator shall place on the Inactive Calendar every case in

complaint against the petitioners on August 8, 1961. On October 1, 1962, without motion by any party, the Clerk of the Superior Court in Cochise County notified the attorneys for the parties that the case had been placed on the inactive list in accordance with Rule V(d) of the Uniform Rules of Practice. On December 5, 1962, without any intervening motions by petitioners, respondents moved in the superior court for additional time. Wine Glass Ranches, Inc. v. Deddens, 93 Ariz. 251, 379 P.2d 966, filed objections to this motion and moved to dismiss the action under Rule V(d). Hearing was had on these motions and the court, on December 16, 1962, ordered that the case be retained on the calendar for a period of 30 days from that date. Respondents filed a certificate of readiness and motion to set for trial on January 17, 1963.

The petitioners contend that the case should have been dismissed under Rule V(d) on October 8, 1962 when the periods of one year and two months mentioned in Rule V(d) expired. Alternatively, they contend that the case should have been dismissed on December 1, 1962, two months after notice of transfer to the inactive calendar was given. As a third alternative, they contend it should have been dismissed January 16, 1963, at the expiration of the 30-day period for which the court had ordered that the case be retained on the inactive calendar. The petitioners argue that Rule V(d) is mandatory, and that the trial court has no discretion to retain the case on the calendar after the time limits set forth therein have expired, unless the provisions of that rule which permit extensions of time are strictly followed.

■ Rule V(d) of the Uniform Rules of Practice was designed to standardize, among the Superior Courts in this state, the exercise of their inherent power to dismiss cases for want of prosecution, and to provide a convenient administrative practice which would bring to the attention of the court and the attorneys involved the fact that ample time had elapsed in which

which a Motion to Set, accompanied by a Certificate of Readiness, has not been served and filed within one year after the commencement thereof. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution, and the court shall make an appropriate order as to any bond or other security filed therein, unless prior to the expiration of such two month period:

"(1) A proper Motion to Set, accompanied by a Certificate of Readiness, is served and filed; or

"(2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.

"(e) Notification. The clerk of court or court administrator, whoever is designated by the presiding judge, shall promptly notify counsel in writing of the placing of cases on the Inactive Calendar, and no further notice shall be required prior to dismissal." 17 A.R.S. (Supp.1962).

to prepare a case for trial. It was not intended to place a sword in the hands of defendants' attorneys which will enable them to abruptly terminate litigation if their opponents miss a deadline.

■■ Rule V(d) is not self-executing. Under Ariz.R.Civ.P. 58(a), 16 A.R.S., "All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so." "Judgments," within the meaning of this rule, include orders from which an appeal lies, Ariz.R.Civ.P. 54(a). Since an order dismissing a case for want of prosecution under Rule V(d) of the Rules of Practice "determines the action and prevents judgment from which an appeal might be taken" it is an appealable order, A.R.S. § 12–2101, subd. D. Rule 58(a) therefore applies and requires that such orders be in writing.

While Rule V(d) of the Rules of Practice contemplates that the clerk of the court will transfer cases to the inactive calendar upon the anniversary of the filing of the complaint, a case remains upon the active calendar until this ministerial procedure is performed. Otherwise the purpose of notifying the attorneys of the change of the status of their case would be completely thwarted. Further, the rule contemplates that an order dismissing the case without prejudice will be routinely signed by the court at the expiration of the two month period during which the case is on the inactive calendar. However, if this is not done, the case remains on the inactive calendar until a written order of dismissal is entered.

■ After the expiration of the two month period, when a case on the inactive calendar has not been routinely dismissed, defense attorneys may move the court to dismiss under Rule V(d), and an unopposed motion of this nature must be granted by the court.[2] Nevertheless, even at this stage of the proceedings, the trial court has some discretion. Ariz.R.Civ.P. 60(c) [3] permits the trial judge to grant relief from

2. Unlike the rule in default judgments, Ariz.R.Civ.P. 55(b), dismissal without prejudice under this rule does not require notice to the opposing party, Unif.R.Prac. V(e), supra n. 1.

3. "60(c) Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for

orders, and this would include an order dismissing a case under Rule V(d), upon the conditions therein set forth. When a motion to dismiss under Rule V(d) is opposed, or where, as here, a motion for additional time is made after the expiration of the time set for dismissal in the rule, and is opposed, the trial judge may grant relief, including additional time on the inactive calendar, upon the same conditions that permit relief under Ariz.R.Civ. P. 60(c), provided the good cause required by Rule V(d) (2) is shown. We will not require the court to go through the needless formality of a dismissal under Rule V (d) of the Rules of Practice before he can exercise the discretion given him by Rule 60(c) of the Rules of Civil Procedure.

We find no abuse of discretion in the respondent judge's action in this case. This litigation is related to litigation between the same parties in the federal courts. It is alleged by the respondents Stout that the damages recoverable in their superior court action depend on the outcome of the federal court litigation. Additionally, there was an undecided motion before the court for summary judgment made by the petitioners Campbell. Under these circumstances, mandamus will not lie to compel dismissal of a case for want of prosecution.

reasons (1), (2) and (3) not more than six months after the judgment, order

The alternative writ previously issued in this case is quashed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concurring.

or proceeding was entered or taken. * * * ”