464 P.2d 829

THUNDERBIRD FARMS, an Arizona Corporation, Leon Zigoures and Suburban Gas Service of Casa Grande, an Arizona corporation, Appellants,

v.

Joe HERNANDEZ and Elvira Hernandez, husband and wife, Appellees.

No. 2 CA–CIV 703.

Court of Appeals of Arizona,
Division 2.

Feb. 10, 1970.

Rehearing Denied March 11, 1970.

Review Denied April 21, 1970.

Gust, Rosenfeld & Divelbess, by Richard A. Segal, Phoenix, for appellant, Thunderbird Farms.

McKesson, Renaud, Cook & Miller, by James M. Videan, Phoenix, for appellant, Leon Zigoures.

Snell & Wilmer, by H. William Fox, Phoenix, for appellant, Suburban Gas Service of Casa Grande.

Stanfield, McCarville & Briggs, by W. A. Stanfield, Casa Grande, for appellees.

HATHAWAY, Judge.

On April 17, 1967, appellees filed a lawsuit in Pinal County Superior Court against appellants to recover for serious personal injuries suffered in an explosion allegedly caused through appellants' negligence.

Answers were filed by appellants and discovery was undertaken. No motion to set accompanied by a certificate of readiness was filed within a year after commencement of the case and on April 17, 1968, the Clerk of the Superior Court placed the cause on the inactive calendar to remain for a period of two months in compliance with Rule 5(d), Uniform Rules of Practice of the Superior Court of Arizona, 17 A.R.S. Notice was sent to counsel by a deputy clerk of the court and the matter was subsequently dismissed for lack of prosecution.

On motion of appellees, supported by affidavits, the court set aside the order dismissing the complaint and reinstated the cause on the court's inactive calendar. Appellants appeal from that order, contending that the court abused its discretion in granting it.

Counsel for appellees operate out of two offices in Pinal County—one in Eloy and one in Casa Grande. Members of the law firm and their secretaries filed affidavits denying that the April 17, 1968 notice was received in either office and asserting that a portion of the case file had been lost or misfiled in the Casa Grande office by a newly hired and inexperienced secretary. Additional affidavits were filed from several members of the Pinal County Bar to the effect that the Superior Court Clerk's office mismailed material from time to time.

From the foregoing, it appears that the court had ample basis for setting aside the order of dismissal Either the notice was not received, or, if it was, it may have been mishandled by the new secretary. Under Rule 60(c) A.R.C.P., 16 A.R.S. applicable to this type of order, Campbell v. Deddens, 93 Ariz. 247, 379 P.2d 963 (1963), the trial court exercised a sound discretion in keeping with the desirable legal objective that the case be decided upon the merits. Camacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969).

The judgment is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.