489 P.2d 849

**Mitchell WALKER and Bennie Walker, his wife, Appellants,**

v.

**Dr. George KENDIG and Johnnie Kendig, his wife, Appellees.**

**No. 10342.**

Supreme Court of Arizona, In Division.

Oct. 14, 1971.

Robert A. Chard, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Richard McC. Shannon, Phoenix, for appellees.

LOCKWOOD, Justice:

This is an appeal from an order denying the plaintiff's motion to vacate a judgment of dismissal entered by the Superior Court. The pertinent facts are that in December of 1968, the plaintiff, Mitchell Walker, brought an action for malpractice against the defendant, Dr. George Kendig. The pleadings of both parties were in order, and discovery proceedings were undertaken and completed. On January 27, 1970, an order was entered placing the case on the inactive calendar, pursuant to Rule V(d) of the Uniform Rules of Practice, 17 A.R.S., for failure to have the matter set for trial.[1] On April 8, 1970, the cause was dismissed without prejudice.

Following the dismissal, the plaintiff moved to vacate the judgment of dismissal. After a hearing, this motion was denied. Notice of appeal was filed on June 2, 1970, but it was discovered that the statute of limitations had already expired as to the negligence claim. The record shows that following the dismissal of the action, attorneys for both parties conferred and agreed to a reinstatement of the case on the Ac-

1. Rule V(d), Uniform Rules of Practice of the Superior Court of Arizona.

"*Inactive Calendar.* The clerk of court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been served and filed within one year after the commencement thereof. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution.

and the court shall make an appropriate order as to any bond or other security filed therein, unless prior to the expiration of such two month period:

\* \* \* \* \*

"(2) The Court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal."

tive Calendar. Defendant Kendig, however, was not amenable to such an agreement, and his counsel was thereafter obliged to remain firm in support of the judgment of dismissal and of the bar raised by the statute of limitations.

The appellant's attorney, Robert A. Chard, filed an affidavit which stated that the reason for his failure to prevent the dismissal of the action was that he was stricken with Valley Fever in October 1969. For several months thereafter, he was only able to carry on a limited practice. He was often absent from his office, and was forced to "redistribute" his office work. As a result, he did not see the notice that the case had been placed on the Inactive Calendar. Chard acknowledges that the required written notice of inactive status was received at his office, but he indicated that the notice was placed in his file without his knowledge.

The facts support Chard's contention. Settlement negotiations between Chard and the defendant's attorney had been held at various times during the course of the proceedings. (In fact, the last session of negotiations was held a few days *after* the dismissal was entered.) In none of these communications did defense counsel mention that the case had been shifted to the Inactive Calendar, although there is substantial evidence that Chard had notified defense counsel that he was ill with Valley Fever.

In denying the motion to vacate the order of dismissal, the court stated:

"I am aware that a decision such as this is within the sound discretion of the Trial Court. But I am afraid that in a situation like this, should I grant reinstatement, I would be charged with abuse of discretion. Whether the Appeals Court reviewing this would say that I did or did not, I don't know."

Challenging the trial court's refusal to vacate the dismissal order, the appellant raises the question whether illness of an attorney, which temporarily affects his ability to manage his office and conduct his practice, is a sufficient showing of "inadvertence or excusable neglect" to justify an appellate court in vacating a resulting dismissal ordered pursuant to Uniform Rule of Practice V(d).

Ariz.R.Civ.P. 60(c), 16 A.R.S. allows the setting aside of a final judgment where excusable neglect has occurred.[2] The test of what is "excusable" is whether the neglect or inadvertence is such as might be the act of a reasonably prudent man under the same circumstances. Coconino Pulp and Paper Co. v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957). While verified sudden illness usually presents exceptional circumstances under which a reasonably prudent attorney could be "excused" from properly carrying out his practice, we feel that any lesser illness or disability must be evaluated in an ad hoc manner. The question is one for the sound judicial discretion of the trial court.

Rule V(d), supra, is intended to provide a convenient administrative practice to bring to the attention of the court and the attorneys involved the fact that ample time has elapsed in which to prepare a case for trial. Campbell v. Deddens, 93 Ariz. 247, 379 P.2d 963 (1963). Although a dismissal under Rule V(d) is without prejudice, such an order must be issued only after careful consideration because justice requires that when possible a matter be determined upon its merits. In the instant case, the operation of Rule V(d) had an especially crucial impact upon plaintiff's lawsuit because of the intervening expiration of the statute of limitations. Since plaintiff was precluded from refiling by the statute of limitations, the dismissal

2. Ariz.R. Civ.P. 60(c):
"On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *."

had the same effect as a default judgment. As this court said in Dowdy v. Calvi, 14 Ariz. 148, 125 P. 873 (1912):

> "The court in opening the default acted clearly within its discretion. 'The exercise of the discretion ought to tend, in a reasonable degree at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better as a general rule that the doubt should be resolved in favor of the application.' Watson v. [San Francisco] & H. B. R. R. Co. [41 Cal. 17, at 20–21 (1871)] * * *." 14 Ariz. at 159, 125 P. at 878.

Cases construing Ariz.R.Civ.P. 60(c) have uniformly held that it must be given liberal construction because the interests of justice are best served by a trial on the merits. Comacho v. Gardner, 104 Ariz. 555, 456 P.2d 925 (1969); Coconino Pulp and Paper Co. v. Marvin, supra; Marsh v. Riskas, 73 Ariz. 7, 236 P.2d 746 (1951); Thunderbird Farms v. Hernandez, 11 Ariz. App. 383, 464 P.2d 829 (1970); Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483 (1966); Patapoff v. Vollstedt's Inc., 267 F.2d 863 (9th Cir. 1959). As we stated in Treadaway v. Meador, 103 Ariz. 83, at 84, 436 P.2d 902, at 903 (1968), "[l]itigation ought not be treated as a game but should be disposed of, where possible, upon its merits."

We have read the record and it is apparent to us that Chard acted as a reasonably prudent attorney under the circumstances. He offered a reasonable excuse for the oversight, and there is evidence to indicate that he made reasonable and diligent efforts to remedy the dismissal of the action. It would be extremely unjust to enforce the judgment of dismissal in this case. Therefore, relief should be granted to the extent of allowing the plaintiff a fair opportunity to present his claim on the merits.

The trial court's concern apparently was about the possible reaction of the Court of Appeals, should his decision have been to replace the case on the Active Calendar. However the primary concern, actually should have been directed to the effect of this dismissal upon the plaintiff's cause of action. This court long ago adopted a practical definition of judicial "discretion":

> " 'Discretion' of court is a liberty or privilege allowed to a judge, within the confines of right and justice, to decide an act in accordance with what is fair, equitable, and wholesome, as determined by the peculiar circumstances of the case, and as discerned by his personal wisdom and experience, guided by the spirit, principles, and analogies of the law, to be exercised in accordance with a wise, as distinguished from a mere arbitrary, use of power, and under the law." Re Welisch, 18 Ariz. 517, at 521–522, 163 P. 264, at 265–266 (1917).

We hold that it was an abuse of discretion to refuse to impose a less severe and prejudicial sanction upon plaintiff, in view of Chard's excusable neglect. Our courts exist for the purpose of providing an effective and fair tribunal in which parties to a dispute may resolve their grievances. An order which in effect grants judgment by default without regard to the merits of a case is a harsh order and justified only in circumstances where no reasonable excuse is present.

The judgment of dismissal is vacated, the order denying plaintiff's motion to vacate the dismissal is set aside, and the cause is remanded to Superior Court with instructions to issue the appropriate orders to bring this matter to trial.

STRUCKMEYER, C. J., and UDALL, J., concur.