498 P.2d 225

**A. L. BLACK and Cordelia E. Black, his wife, Appellants,**

v.

**William GREER and Mary D. Greer, his wife, Appellees.**

**No. 1 CA–CIV 1592.**

Court of Appeals of Arizona,
Division 1,
Department A.

June 13, 1972.

H. K. Wilhelmsen, Prescott, for appellants.

Richard Walraven, Prescott, for appellees.

STEVENS, Presiding Judge.

On 21 August 1968 a complaint was filed against the defendants, who are the appellants herein, in the Yavapai Superior Court which alleged a cause of action for damages inflicted as a result of the negligent operation of a motor vehicle. The parties will be referred to as they appeared in the trial court. An answer to this complaint was filed on 11 September 1968. Plaintiffs' counsel were listed as Eino M. Jacobson and Franklin D. Coxon with Jacobson's Prescott address. On 7 July 1969 Jacobson became a Judge of the Court of Appeals and thereafter was not privileged to engage in the practice of law.

The Court file does not disclose further action on behalf of the plaintiffs. The next item appearing of record is a letter dated 3 September 1969, addressed to Jacobson with a copy to counsel of record for the defendants, which informed them that pursuant to Rule V(d) of the Rules of Civil Procedure (Rule V(d) is actually taken from the Uniform Rules of Practice, 17 A.R.S.) the case had been placed on the inactive calendar and would be dismissed for lack of prosecution if no further action was taken to prosecute the case within sixty days. On 7 November 1969 a routine formal written order was filed dismissing the case without prejudice for lack of prosecution. This order does not contain the names of counsel of record.

On 25 August 1970 the attorney who presently represents the plaintiffs filed a motion to set aside the trial court's 7 November 1969 order of dismissal stating as grounds therefor that (1) he has been the plaintiffs' attorney since July of 1969, (2) neither he nor Jacobson received a copy of the Clerk's letter giving notice of intended dismissal, (3) he was first advised of the dismissal on 24 July 1970 when he filed a motion to set, (4) he had been negotiating for the plaintiffs from July of 1969 to July of 1970 in an attempt to settle the action, and (5) that the plaintiffs had a valid cause of action against the defendants. A memorandum in opposition to this motion was filed on 17 September 1970. The plaintiffs' motion to set aside the dismissal was granted and it is from this order that the defendants have appealed.

On appeal we are called upon to decide whether the trial court abused its discretion by granting the plaintiffs' motion to set aside the order of dismissal. Several additional arguments are raised by the briefs but they are not dispositive of this appeal.

■ The defendants argued initially that the trial court had no jurisdiction to set aside an order of dismissal which had been entered more than six months prior to the filing of the motion to set such order aside. The basis for this argument is a portion of Rule 60(c), Rules of Civil Procedure, 16 A.R.S., which provides that:

> "The motion shall be made within a reasonable time, *and for reasons (1), (2) and (3)* not more than six months after the judgment, order or proceeding was entered or taken." (Emphasis added).

In order for the defendants to prevail on their argument that an order setting aside a prior dismissal is one which is in excess of the trial court's jurisdiction, it must be shown that the foundation upon which the motion to set aside rests is one of the grounds specified in sections (1), (2) or (3) of Rule 60(c). In the case which is presently before the Court, the affidavit of the plaintiffs' counsel who filed the motion to set aside indicates that the reason for his motion is not found within section (1), (2) or (3), but rather in section (6) which provides that a party may be relieved from a final judgment, order or proceeding for "any other reason justifying relief from the operation of the judgment."

Motions based upon section (6) of Rule 60(c) need not be made within six months but only "within a reasonable time." In view of the facts as they appear of record, i. e., the plaintiffs' attorney filed his motion to set aside within thirty days after he learned that his clients' case had been dismissed, we are unable to conclude that the

motion was not made within "a reasonable period of time."

A second argument discussed by both counsel is whether the order of dismissal was void since the record indicates that neither the attorney for the plaintiffs prior to July of 1969 nor their present attorney received notice that the case had been removed from the active calendar.

Inasmuch as we have determined that the plaintiffs' motion was based upon grounds which are found within section (6) of Rule 60(c), we need not resolve the dilemma posed by arguments of counsel with regard to the notice requirements of Rule V(e), Uniform Rules of Practice, 17 A.R.S., and the effect of the possible failure of the clerk to comply therewith upon the order of dismissal subsequently entered by the trial court.

 Turning to the issue which we deem dispositive of this appeal, it is our opinion that the trial court did not abuse its discretion in setting aside the order of dismissal.

"Rule V(d) of the Uniform Rules of Practice was designed to standardize, among the Superior Courts in this state, the exercise of their inherent power to dismiss cases for want of prosecution, and to provide a convenient administrative practice which would bring to the attention of the court and the attorneys involved the fact that ample time had elapsed in which to prepare a case for trial. *It was not intended to place a sword in the hands of defendants' attorneys which will enable them to abruptly terminate litigation if their opponents miss a deadline.*" Campbell v. Deddens, 93 Ariz. 247, 249-250, 379 P.2d 963, 964-965 (1963). (Emphasis added).

While we realize that the dismissal entered in this case did not come about as a result of activity on the part of the defendants' counsel, we are of the opinion that a reversal of the trial court's order granting the motion to set aside would have the effect of abruptly terminating litigation because of a failure to respond to a notice which it is urged was not received by plaintiffs' attorney. In our opinion such a termination would not serve the purpose of Rule V(d) which is to bring to the attention of the attorneys that ample time has elapsed to prepare a case for trial and to allow an additional sixty days in which the case may be properly prosecuted.

We believe that the case of Thunderbird Farms v. Hernandez, 11 Ariz.App. 383, 464 P.2d 829 (1970), which was cited in the trial court's order from which this appeal was taken, is an appropriate precedent. In *Thunderbird* an order of the trial court setting aside an order of dismissal was upheld on the basis of affidavits submitted which denied that notice of placement of the case on the inactive calendar had been received and asserted that a portion of the subject case file had been lost or misplaced by an inexperienced secretary. The Court therein stated that:

"Under Rule 60(c) A.R.C.P., 16 A.R.S. applicable to this type of order, Campbell v. Deddens, 93 Ariz. 247, 379 P.2d 963 (1963), the trial court exercised a sound discretion in keeping with the desirable legal objective that the case be decided upon the merits." 11 Ariz.App. at 384, 464 P.2d at 830.

We hold that the trial court did not abuse its discretion by entering the order from which this appeal was taken. The trial court is,

Affirmed.

CASE and DONOFRIO, JJ., concur.