614 P.2d 858

**Adam H. URSEL and Viola G. Ursel, his wife, Plaintiffs-Appellants,**

v.

**Fred Earl PIZZO and Jane Doe Pizzo, his wife, Defendants-Appellees.**

**No. 1 CA-CIV 4387.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 11, 1980.

Rehearing Denied April 7, 1980.

Review Denied April 29, 1980.

Pavilack, Spack & Mulchay, P. C., by J. Robert Stark, Scottsdale, for plaintiffs-appellants.

Lewis and Roca by Paul Ulrich, D. W. Grainger, Phoenix, for defendants-appellees.

## OPINION

EUBANK, Presiding Judge.

This is an appeal by appellants/plaintiffs in an automobile rear-end collision negligence action, from the April 14, 1978 trial court order denying their motion to reinstate their case. The case was summarily dismissed by the superior court on February 14, 1978 after having been on the inactive calendar for over two months. Appellants contend that the trial court abused its discretion in refusing to reinstate their case.

The record shows that appellants filed their complaint against the appellees on December 3, 1976, alleging that appellee, Fred Earl Pizzo, while under the influence of liquor, negligently drove his vehicle into the rear of appellants' vehicle, while appellants were stopped for a red light, causing them in excess of $20,000 medical damages. Appellees answered on December 29, 1976, admitting the collision but denying all other allegations. The record shows discovery was attempted by appellees but frustrated by appellants until February 15, 1978, when a form order of dismissal was signed by the court commissioner. This summary dismissal is authorized by Rule V(d), Uniform Rules of Practice of the Superior Court, 17A A.R.S., which reads:

> (d) Inactive Calendar. The clerk of court or court administrator shall place on the Inactive Calendar, every case in which a Motion to Set and Certificate of Readiness has not been served and filed within one year after the commencement thereof, except that in domestic relations cases the presiding judge in any county may, by general order, shorten the time in which domestic relations cases shall be placed on the Inactive Calendar to not less than 120 days. *All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution,* and the court shall make an appropriate order as to any bond or other security filed therein, unless prior to the expiration of such two month period:
>
> (1) A proper Motion to Set and Certificate of Readiness is served and filed; or
>
> (2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal. (Emphasis added).

The record supports the dismissal. It reflects that appellants did not timely serve or file a motion to set and certificate of readiness. Rule V(a) *id.*

On February 23, 1978, appellants filed their "Motion to Reinstate this Action on the Active Calendar." Among other matters, appellants alleged that "Plaintiffs' counsel did not receive a copy of the order

placing the above cause on the inactive calendar and therefore was not apprised of the Court's action in this matter." The motion was signed by counsel, but was not accompanied by a memorandum, affidavit or verification supporting the alleged matter which was outside the record. Oral argument was not requested by appellants. Appellees failed to file an answering memorandum, and on March 14, 1978 the trial court summarily ruled, by minute entry, as follows:

> IT IS ORDERED denying Motion to Reinstate. This ruling makes the Defendant's Motion to Dismiss Moot.[1] However, the Court would have granted same had it not entered the prior ruling.

Appellants, on March 20, filed a motion for rehearing. This motion was similar to the February 23rd motion. It was signed by counsel, but was unaccompanied by a memorandum, or an affidavit or a verification supporting the alleged matters which occurred outside of the record. This time however appellants requested oral argument and appellees responded, primarily arguing that the file supported the dismissal. Appellants filed a reply in the same form and substance as their prior motions. By minute entry on April 14, 1978, the trial judge ruled:

> Regarding the motion for rehearing, oral argument is denied.
>
> The Court has considered the motion for Rehearing and denies same and signs Order this date.

The court's written order, signed on April 14, denies appellants' motion to reinstate. This is the order appealed from by appellants.

The issue, as stated above, is whether the trial judge abused his discretion by denying the motion to reinstate the case. Under the circumstances here, we hold that he did not abuse his discretion in denying appellants' motion.

■ Appellants correctly argue that a timely motion to reinstate a dismissal pursuant to Rule V(d), Uniform Rules of Practice of the Superior Court, *supra*, is made under Rule 60(c), Rules of Civil Procedure, 16 A.R.S. Rule 60(c) permits the trial court "[o]n motion and upon such terms as are just" to relieve a party from a final order resulting from that party's mistake, inadvertence, surprise or excusable neglect. The problem *sub judice*, however, is that appellants' motions were substantially insufficient. They were not accompanied by memoranda "indicating, as a minimum, the precise legal points, statutes and authorities relied on, citing the specific portions or pages thereof; and shall be served on the opposing parties." Rule IV(a), Uniform Rules of Practice of the Superior Court, 17A A.R.S. Non-compliance with the rule permits the court to summarily dispose of the motion. Rule IV(a), *id.* Since oral argument was not requested, (Rule III(b), Local Rules of Practice for Maricopa County, 17A A.R.S.) by the motion, and since appellees failed to respond (although required to do so by Rule IV(a), Uniform Rules of Practice, *supra* ), the issue of reinstatement was "deemed submitted upon memoranda, as required by Rule IV(a) of the Uniform Rules of Practice of the Superior Court." Rule III(b), Local Rules of Practice for Maricopa County, 17A A.R.S. Thus, all the trial court had before it was the motion to reinstate the case without any supporting memorandum. Under these circumstances, we cannot hold that the trial court abused its discretion in denying the appellants' motion because the required documentation was not furnished to the trial court.

Both parties question whether the Rule 60(c), Rules of Civil Procedure, 16 A.R.S., motion to reinstate *must* be supported by affidavits or verifications where facts are presented which are outside of the record. We deem it necessary to address this issue. Both sides cite *Thunderbird Farms v. Hernandez*, 11 Ariz.App. 383, 464 P.2d 829 (1970) as authority. Appellants cite it to support their argument that the trial court erred in not reinstating the case because counsel alleged he had not received Rule

---

1. The appellees' motion to dismiss was based on appellants' failure to provide discovery.

V(d), Uniform Rules of Practice, 17A A.R.S. notice that the case *sub judice* had been placed on the inactive calendar. *Hernandez* affirmed the trial court's order setting aside an order of dismissal. On the other hand, appellees cite *Hernandez* to support their argument that affidavits or verification are required to establish facts outside the record.

*Hernandez* involved a motion to set aside an order of dismissal made pursuant to Rule V(d), Uniform Rules of Practice of the Superior Court, *supra*. The motion was supported by extensive affidavits, one from each attorney and one from each secretary "denying that the April 17, 1968 notice [of inactive status] was received in either office and asserting that a portion of the case file had been lost or misfiled in the Casa Grande office by a newly hired and inexperienced secretary." 11 Ariz.App. at 384, 464 P.2d at 830. Additional affidavits from several members of the Pinal County Bar were also filed. These affidavits alleged other examples of the court clerk's mismailing of notices to them. On this record, Division 2 of this Court affirmed the trial court's order setting aside the dismissal saying:

> From the foregoing, it appears that the court had ample basis for setting aside the order of dismissal. Either the notice was not received, or, if it was, it may have been mishandled by the new secretary. Under Rule 60(c) A.R.C.P., 16 A.R.S. applicable to this type of order, *Campbell v. Deddens*, 93 Ariz. 247, 379 P.2d 963 (1963), the trial court exercised a sound discretion in keeping with the desirable legal objective that the case be decided upon the merits. *Camacho v. Gardner*, 104 Ariz. 555, 456 P.2d 925 (1969).

11 Ariz.App. at 384, 464 P.2d at 830.

■ A close reading of *Hernandez* shows that it does not support the precise propositions that appellants and appellees cite it for. *Hernandez* actually affirmed a sufficient record which supported the trial judge's exercise of his discretion in setting aside the order of dismissal under Rule 60(c), Rules of Civil Procedure, 16 A.R.S.

Had the trial judge not set the order aside on the record before him, Division 2 would have been hard pressed not to have held that the judge had abused his discretion. On the other hand, while *Hernandez* illustrates the proper use of affidavits in order to establish facts outside the record, it does not hold that such facts can only be established in that manner. Rule 60(c), Rules of Civil Procedure, 16 A.R.S., does not expressly require affidavits. Rule 7(b)(2), *id.*, treats motions and petitions as pleadings for the purposes of the rules. Rule 11, *id.*, states that an attorney's signature on a pleading "constitutes a certificate by him that he has read the pleading, that to the best of his knowledge, information, and belief there is good ground to support it, and that it is not interposed for delay." Rule 11, *id.*, also says, "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Thus, counsel's signature on the motion to reinstate was a sufficient certification of the facts alleged therein to properly put those facts before the trial court even though he did not file a separate affidavit or verification. As already noted, however, this does not excuse appellants' failure to file the supporting memorandum as required by the rules.

The better practice would have been to support counsel's statements in the motion with affidavits. Rule 43(i), *id.*, relating to trials, contains good procedural advice for those involved in motion practice: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." However, and it bears repeating, Rule 60(c), *id.*, does not specifically require affidavits. *See* 7 *Moore's Federal Practice* § 28[e] at 408 (2d ed.) The safe practice, however, would be to include affidavits.

The cases and authorities cited supporting the filing and non-filing of affidavits are not helpful. They primarily deal with Rule 56, Rules of Civil Procedure, 16 A.R.S.,

(summary judgment), Rule 55(c), *id.*, (default judgment), or authorities which predate our adoption of the Federal Rules of Civil Procedure.

We affirm the order of dismissal.

OGG, C. J., Division 1, and KENNETH C. CHATWIN, Judge, Retired, concur.

NOTE:  The Honorable Kenneth C. Chatwin, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.