653 P.2d 691

**UNITED IMPORTS AND EXPORTS, INC., a California corporation, Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF MARICOPA; Judge Howard V. Peterson; Randell L. Mullins and Suzanne Mullins, husband and wife, dba Atlas Auto Recycling, Respondents.**

No. 16192–SA.

Supreme Court of Arizona, En Banc.

Oct. 26, 1982.

---

Foley, Clark & Nye by Richard Q. Nye, Edmund Y. Nomura, Phoenix, for petitioner.

Frederick M. Jones, Phoenix, for respondents Mullins.

FELDMAN, Justice.

Petitioner (United) brings this special action proceeding to challenge the trial court's order vacating a default judgment against the real parties in interest, Randell L. and Suzanne Mullins, dba Atlas Auto Recycling (Mullins). Having concluded that the remedy by appeal is inadequate, we accepted jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S., and Arizona Constitution art. 6, § 5.

United is a distributor of auto parts; Mullins is a retailer. The original claim involved two shipments of goods from United to Mullins. One shipment was paid for by check which was later returned for insufficient funds, and the other shipment was delivered but never paid for.

On October 26, 1981, United brought an action against Mullins seeking recovery of the purchase price of the two shipments of auto parts. Service was made on Mullins on October 29, 1981; the return of service indicated service was accomplished by leaving the process with Mrs. Mullins at the Mullins' place of residence. Although Mrs. Mullins denies having been the person served,[1] there is no controversy over the fact that the process did come to Mr. Mullins' personal attention and that on November 13, 1981 Mullins discussed the matter with counsel for United. Mullins then alleges that he consulted an attorney, who advised him not to file an answer but, rather, to return the goods he had received from United and to pay the bad check. Mullins did neither. On November 25, 1981, default was entered against Mullins and judgment was taken February 3, 1982. On March 3, 1982, United had a writ of garnishment issued and served on the First Interstate Bank of Arizona, thus attaching the debt created by funds which Mullins had on deposit at the bank. A judgment was entered against the garnishee. On April 16, the garnishee satisfied the judgment against it, but this was not sufficient to pay United's default judgment against Mullins. Accordingly, United proceeded with execution against Mullins' personal property and on April 27 a sale of Mullins' inventory was held pursuant to a writ of general execution.

Although Mullins was aware of both the garnishment and execution proceedings, he took no action to set aside the default, although he does allege that he again sought legal advice and that the lawyer told him not to resist. Various other proceedings to execute collection of the balance owing on the judgment were undertaken by United, but despite this Mullins did not file the motion to set aside judgment until July 25, 1982. The motion relied upon Rules 55(c) and 60(c), Rules of Civil Procedure, 16 A.R.S.

Although the motion was not supported by affidavits, it was granted by the respondent judge. United moved for rehearing of the order to set aside. At the time of rehearing, Mullins submitted affidavits supporting the motion to set aside.[2]

We have consistently held that such motions may be granted in the trial court's discretion when, but only when, the moving party has made an adequate showing of each of the following elements: (1) that it acted promptly in seeking relief from the default judgment, (2) that its failure to file a timely answer was excusable under one of the six subdivisions of Rule 60(c) (Mullins' motion relied upon subdivision 1 of Rule 60(c) and was based upon excusable neglect); and (3) that it had a meritorious defense. *Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982).

As we discussed in *Richas,* the law favors resolution on the merits and therefore the trial court has broad discretion to set aside judgments by default. There is, however, a principle of finality in proceedings which must also be recognized and given effect. *Id.* Thus, the trial court's discretion to set aside judgments by default "is a legal, and not an arbitrary or personal discretion. There must be some legal justification for the exercise of the power, some substantial evidence to support it." *Id.* at 514, 652 P.2d at 1037 (quoting *Lynch v. Arizona Enterprise Mining Co.,* 20 Ariz. 250, 252, 179 P. 956, 957 (1919)).

Having reviewed the record, we find Mullins failed to establish any of the elements required to justify vacating and setting aside the judgment.

Mullins' claim of excusable neglect was based on the advice given to him by the lawyer who told Mullins not to answer but to send the merchandise back and make the check good. He later told Mullins not to resist the garnishment or attachment proceedings. Mullins claims that the failure to

1. Mullins claims that service was actually made on Mrs. Mullins' sister, who was residing in the Mullins home. This is permitted under Rule 4(d)(1), Rules of Civil Procedure, 16 A.R.S.

2. Since it is not necessary to do so, we do not address the issue of whether subsequently supplied evidence may be used to support the order.

answer was the result of his reliance on this erroneous advice.[3] Assuming this is true, Mullins has failed to show excusable neglect for the simple reason that the fault of the lawyer is attributed to the client and it is only when the attorney's refusal or failure to act is legally excusable that relief may be obtained. *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980); *cf. Coconino Pulp & Paper Co. v. Marvin,* 83 Ariz. 117, 317 P.2d 550 (1957). Even assuming that the affidavits can be considered to support the claim of excusable neglect, Mullins' evidence to support that claim was insufficient as a matter of law and the trial court erred in vacating the judgment.

■ Two other points must be mentioned in the hope of providing some guidance to the bar and the trial courts. First is the problem of prompt action to seek relief from the default judgment. Here, Mullins' affidavit contained no explanation of the reason for the delay in filing his motion to set aside. Assuming that because of his attorney's advice Mullins took no action to seek relief until the execution sale of his inventory on April 27, 1982, there is still no explanation of why he waited from April 27 until July 25, 1982 to file a motion to set aside the default judgment. We cannot presume, nor should the trial court, that an unexplained delay of approximately thirteen weeks in seeking relief is "prompt action." *Richas, supra; Smith v. Monroe,* 15 Ariz.App. 366, 488 P.2d 1003 (1971). In the absence of any reasonable explanation of such a delay, the trial court has no facts upon which to exercise its discretion. *Richas, supra.* A discretionary finding of fact based on no evidence is arbitrary and an abuse of discretion. *See Grant v. Arizona Public Service,* 133 Ariz. 434, 652 P.2d 507 (1982) supplemental opinion at 453, 652 P.2d at 526, 1982).

■ The second point which should be mentioned is the question of meritorious defense. Mullins' affidavit contains no factual statement whatsoever regarding any defense to the action. Under the facts as outlined by both parties, it is difficult to see what defense might exist. A showing of a meritorious defense requires a showing by affidavit, deposition or testimony of some facts which, if proved at the trial, would constitute a defense. The conclusion of lawyer or client, sworn or unsworn, that "a defense exists" is evidence of nothing; it is a conclusion which carries no weight and is insufficient to establish the element of meritorious defense. *Richas, supra.*

We find, therefore, that the trial court abused its discretion in setting aside the default judgment.

The order of July 30, 1982 setting aside the default judgment is vacated and the judgment of February 3, 1982 is reinstated.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

---

**3.** Whether the advice was good or bad, it is clear that Mullins did not follow it.