742 P.2d 844

**Paul D. CLINE and Marsha R. Cline, Plaintiffs-Appellants,**

v.

**TICOR TITLE INSURANCE COMPANY OF CALIFORNIA, a California corporation, Defendant-Appellee.**

**No. 1 CA–CIV 9163.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 4, 1987.

Jennings, Strouss & Salmon by Jefferson L. Lankford, Michael R. Palumbo, Phoenix, for plaintiffs-appellants.

Streich, Lang, Weeks & Cardon, P.A. by William S. Hawgood, II, E. Jeffrey Walsh, Robert E. Miles, Phoenix, for defendant-appellee.

## OPINION

CONTRERAS, Judge.

Plaintiffs Paul and Marsha Cline's suit against defendant Ticor Title Insurance Company of California was dismissed for failure to comply with Uniform Rule V(e), Ariz.Unif.R.P.Super.Ct. 17A A.R.S.[1] Two days after entry of the order of dismissal, the plaintiffs' filed a motion to set aside the order of dismissal and reinstate the case pursuant to Rule 60(c), Ariz.R.Civ.P., 16 A.R.S.[2] The trial court denied the motion without stating the reason or basis for the denial.

Plaintiffs argue on appeal that the trial court erred or abused its discretion in denying Rule 60(c) relief. Plaintiffs ask us to find that they established Rule 60(c) grounds for relief and that they were not required to make a showing of a meritorious claim in order to have the Rule V dismissal set aside. Because of the Arizona Supreme Court's recent clarification in the case of *Gorman v. City of Phoenix*, 152 Ariz. 179, 731 P.2d 74 (1987), regarding the circumstances in which Rule 60(c) relief should be granted in cases dismissed under Rule V, we allowed the parties to file supplemental briefs directed to a discussion of the effect of *Gorman* on this appeal. Based upon our understanding of *Gorman* we conclude that the trial court abused its discretion in denying appellants' motion. In line with *Gorman* and for reasons delineated in this opinion, we remand this case to the trial court for the sole purpose of permitting the plaintiffs the opportunity to show whether they have a meritorious claim.

## PROCEDURAL BACKGROUND

The plaintiffs filed suit against the defendant in May, 1985, alleging breach of contract, breach of fiduciary duty, bad faith, and intentional infliction of emotional distress regarding the defendant's handling of the escrow and title insurance for plaintiffs' sale of real property. In December, 1985, both parties began to conduct discovery and remained very actively engaged in discovery efforts throughout the next six months.

The attorneys for the plaintiffs had filed three other suits involving similar claims against defendant Ticor Title Insurance Company of California on behalf of three other plaintiffs. On February 21, 1986, the trial court, although denying a motion to consolidate the four cases for trial, granted a motion to consolidate the cases as to pretrial proceedings only.

On March 11, 1986, a minute entry order was entered pursuant to Rule V placing this case on the inactive calendar for dismissal without further notice on June 11, 1986, unless a motion to set and certificate of readiness was filed by that date. Timely motions to set and certificates of readiness were filed by plaintiffs' counsel in the other three related suits. When plaintiffs' counsel received a copy of the March 11, 1986 minute entry, he took steps to ensure that the motion to set and certificate of readiness would be timely filed in this case. Plaintiffs' counsel timely filed plaintiffs' list of witnesses and exhibits on May 15, 1986, as a preliminary requirement to filing the motion to set and certificate of readiness. Thereafter, however, plaintiffs' counsel neglected to timely file the motion to set and certificate of readiness. It appears that due to the press of other work he was doing, plaintiffs' counsel failed to heed the notice placed on his own calendar that the motion to set and certificate of readiness was to be filed by June 11, 1986. It further appears that in spite of their usual practice, his secretary failed to remind him on that date to file the requisite motion to set. The case was dismissed without prejudice for lack of prosecution on July 1, 1986.

1. Uniform Rule V(e) will be referred to as Rule V throughout this opinion.

2. This rule will be referred to as Rule 60(c) throughout this opinion.

Plaintiffs moved immediately to reinstate the case by filing a motion for Rule 60(c) relief on July 3, 1986. Plaintiffs argued that their attorney's failure to file the motion to set and certificate of readiness, which caused the suit to be dismissed pursuant to Rule V, amounted to excusable neglect. They further argued that other factors were present which, combined with the excusable neglect of their attorney, provided grounds for setting the dismissal aside. They pointed out that this was a case which was being actively litigated; the parties had conducted extensive discovery in preparation for trial; and plaintiffs had timely filed a list of witnesses and exhibits as a prerequisite to filing the motion to set. They also argued that a reinstatement of the case would cause no prejudice to the defendant because no statute of limitations had yet run on plaintiffs' claims and therefore, the plaintiffs could merely refile their suit since the dismissal had been without prejudice. Rather than pursue a second suit, though, plaintiffs urged that as a matter of judicial economy, this suit should be reinstated.

In response to the Rule 60(c) motion, defendant argued that no excusable neglect in failing to file the motion to set and certificate of readiness had been shown and instead that the case was one in which mere carelessness and forgetfulness had played a role. The defendant obtained deposition testimony of plaintiffs' counsel, his secretary and another attorney assisting with the case in order to demonstrate that the conduct which had resulted in the failure to file the motion to set and certificate of readiness had been carelessness rather than excusable neglect. The defendant also disputed plaintiffs' contention that no statute of limitations had run on the claims and argued that at least some of the claims would now be barred by the statute of limitations. Finally, defendant argued that relief should not be granted to the plaintiffs because even if they had shown sufficient grounds for relief under Rule 60(c), they had failed to provide proof that they had a meritorious claim which defendant argued is a separate requirement for setting aside an order of dismissal.

In reply, plaintiffs reiterated their original arguments. As for the defendant's contention that a meritorious claim must be shown, the plaintiffs, instead of supplying proof that they had a meritorious claim, took the position that proof of a meritorious claim is not required in order for a plaintiff to set aside a non-prejudicial dismissal for failure to prosecute.

The trial court by minute entry and later by formal order denied the plaintiffs' motion stating "IT IS ORDERED denying Plaintiffs' Motion to Reinstate Case on the Active Calendar." The trial court did not set forth any reason or basis for denying plaintiffs' motion. This appeal followed.

Plaintiffs argued on appeal that the trial court abused its discretion if it concluded that grounds for relief under Rule 60(c) had not been shown. They further argue that if the trial court denied the motion because no meritorious claim had been presented, the trial court erred in ruling that such a showing was required. As previously noted the trial court did not specify the reasons for its ruling and we cannot determine from this record the reason or basis for denying the requested relief. We conclude that plaintiffs acted promptly in seeking relief from the dismissal order. We further conclude that Rule 60(c)(6) grounds for relief were shown in this case, but that plaintiffs under *Gorman* are also required to demonstrate that they have a meritorious claim in order to obtain the requested relief. For reasons hereafter set forth we remand this case to the trial court for further proceedings.

We find that *Gorman* and the case which *Gorman* was written to clarify, *Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 688 P.2d 637 (1984), together control the issues raised in this case. We therefore proceed directly to a discussion of these two cases.

EXISTENCE OF RULE 60(c) GROUNDS

In *Bickerstaff*, as in the case presently before us, the suit had been dismissed pursuant to Rule V because of plaintiff Bickerstaff's neglect in failing to file a motion to set and certificate of readiness. The trial

court had denied Bickerstaff's motion to set aside the dismissal in which she had sought relief pursuant to Rule 60(c)(1) and 60(c)(6).[3]

The Arizona Supreme Court upheld the trial court's denial of Rule 60(c) relief. As to clause (1), the court found that the facts alleged as reasons for failing to file the motion to set and certificate of readiness did not amount to "excusable neglect" defined as "neglect or inadvertence ... such as might be the act of a reasonably prudent person under similar circumstances." 141 Ariz. at 631–632, 688 P.2d at 639–640 (citing *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984)).

As to clause (6) of Rule 60(c), the court observed that to justify relief under that clause, "extraordinary circumstances" must be presented. 141 Ariz. at 632, 688 P.2d at 640 (citing *Webb v. Erickson*, 134 Ariz. 182, 655 P.2d 6 (1982)). A factor present in *Bickerstaff* bearing on whether "extraordinary circumstances" were shown was the fact that the statute of limitations had run on Bickerstaff's claim prior to the dismissal and she was therefore barred from refiling the action. Division Two of the Court of Appeals, which had initially reviewed the trial court's ruling, had found that the statute of limitations made this an extraordinary case requiring relief from the dismissal. The Arizona Supreme Court, however, disagreed, concluding that the passing of the statutory limitation period could be considered as one of many factors in a determination of "extraordinary circumstances," but that, standing alone, it did not create such a circumstance. The court found that no other circumstances of an extraordinary nature had been shown in the case, and expressly noted that there was little evidence in the record showing active litigation in the case prior to the dismissal.

*Gorman v. City of Phoenix* was yet another case in which the plaintiff's suit was dismissed by the trial court for failure to comply with Rule V's requirement of filing a timely motion to set and certificate of readiness. Plaintiff Gorman moved to set aside a dismissal on Rule 60(c)(6) grounds. The trial court denied the motion stating only that "[t]he record does not reflect factors sufficient to satisfy Rule 60(c), A.R.C.P. *Bickerstaff v. Denny's Restaurant*, [141 Ariz. 629,] 688 P.2d 637 (1984)." *Gorman*, 152 Ariz. at 181, 731 P.2d at 76. This court affirmed the trial court, but the Arizona Supreme Court reversed, distinguishing the total circumstances presented in *Gorman* from that in *Bickerstaff*. The cases were very similar in many respects. In both cases the statute of limitations had run on the plaintiff's claim before the suit had been dismissed. Neither case was one in which excusable neglect was shown. In *Bickerstaff* the court expressly found no excusable neglect whereas in *Gorman*, no facts regarding the question of excusable neglect were even discussed because the plaintiff had not asserted excusable neglect as a grounds for relief. The significant manner in which *Gorman* differed from *Bickerstaff*, though, was that the record demonstrated that the parties in *Gorman* were actively litigating and taking reasonable steps to inform the trial court of the case's status. The same is true in the case presently before us.

In emphasizing this distinction between the situation in *Gorman* and that in *Bickerstaff*, our supreme court stated:

> Uniform Rule V should be used to dispose of abandoned cases and to encourage litigants to resolve their disputes quickly. It should not be used to trap the unwary or the momentary negligent. The purpose of Uniform Rule V(e) is procedural, not substantive; the rule is merely "a convenient administrative practice" designed to rid court calendars of inactive or abandoned cases and to prod the judge and the attorneys in-

---

3. These rules provide:
   "On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mis-take, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment...."

volved to bring cases to trial as quickly as possible.

152 Ariz. at 183, 731 P.2d at 78. The court further stated that where the trial court considers a Rule 60(c) motion to set aside a Rule V dismissal, it should weigh the housekeeping purposes of Rule V against the actual circumstances of the case presented. It emphasized that where the statute of limitations has run, the trial court must take an especially hard look at the actual circumstances of the case, with particular regard to the showing in the record of how diligently the plaintiff was pursuing his claim. The court noted that it should be considered that there are "occasional errors and mistakes to which we all succumb." 152 Ariz. at 183, 731 P.2d at 78.

◼ Our supreme court concluded in *Gorman* that the requirements of Rule 60(c)(6) had been established in that case because of evidence that:

    (1) the parties were vigorously pursuing the case,

    (2) the parties were taking reasonable steps to inform the court of the case's status, and

    (3) the moving party will be substantially prejudiced by ... the running of the limitations period if the dismissal is not set aside.

152 Ariz. at 183, 731 P.2d at 78. The court cautioned that Rule 60(c)(6) relief might not always be available just because the parties have not abandoned the case, but it made it clear that if the three above-mentioned factors are present, "even doubtful cases should be resolved in favor of the party moving to set aside the dismissal." 152 Ariz. at 183–84, 731 P.2d at 78–79. We must conclude from reading *Gorman* that if the three factors mentioned therein are present in a case which has been dismissed under Rule V, Rule 60(c)(6) grounds are established even where the neglect which has taken place is not "excusable neglect," so long as the neglect is not too extreme.

◼ We now turn to the case presently before us. We consider this case as one in which relief under Rule 60(c)(6) has been requested. The plaintiffs' motion filed in the trial court requested Rule 60(c) relief without listing any particular subsection of the rule under which they were proceeding. Although one of the grounds argued by plaintiffs was "excusable neglect" which is a ground under clause (1), the plaintiffs listed other factors in addition, such as the record of active litigation in the case, which would bring the request for relief under clause (6).

We conclude that the identical factors found in *Gorman* are present in this case. The parties were actively litigating, with the record revealing the filing by the parties of at least sixteen separate documents between December 5, 1985, and June 12, 1986, concerning requests for discovery and the furnishing of information pursuant to such requests. Additionally, both parties had filed their lists of witnesses and exhibits within weeks before the dismissal. The parties were taking reasonable steps to keep the court informed of the status of the case, having argued a motion to the court regarding discovery as recently as June 3, 1986, less than a month before the dismissal. Although the plaintiffs initially took the position that the statute of limitations had not run when the dismissal occurred, this is a case in which the issue is at least subject to dispute. Therefore, the third factor from *Gorman*, also, is arguably present in this case.

While we agree with the defendant that the conduct of the plaintiffs' attorney in failing to file the motion to set and certificate of readiness probably did not fall within the ambit of "excusable neglect," *Gorman* does not require such a showing when the other factors warranting relief under Rule 60(c)(6) are present. The conduct in this case was not so egregious that it would not come within what the court described in *Gorman* as "[t]he occasional errors and mistakes to which we all succumb." We conclude that under the total facts and circumstances presented in this case, the requirements of Rule 60(c)(6) were established and the trial court would have had no discretion to rule otherwise if, in fact, that is the basis upon which it ruled. Any other conclusion would allow

Rule V to "trap the unwary or the momentarily negligent," which the Arizona Supreme Court has proscribed.

### REQUIREMENT OF SHOWING MERITORIOUS CLAIM

■ In requesting that their motion to set aside the dismissal and reinstate their claim be granted, the plaintiffs made no showing that they had a "meritorious claim." They presented no affidavit, deposition or testimony of fact, which, if proven at trial, would establish their claim such as is required by a defendant who must demonstrate a "meritorious defense" in order to have a default judgment set aside. *See, e.g., United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982); *Richas v. Superior Court,* 133 Ariz. 512, 517, 652 P.2d 1035, 1040 (1982). Moreover, plaintiffs made no reference in their motion to their ability to demonstrate a meritorious claim. When an issue of their failure to do so was raised in the trial court,[4] the plaintiffs argued in their reply memorandum that they were not required by law to make a showing of meritorious claim.

Plaintiffs acknowledge that it is a well-established rule of law that in order for a defendant to obtain Rule 60(c) relief from a default judgment, he must not only show the existence of Rule 60(c) grounds for relief, but additionally must show that he acted promptly in seeking relief and that he has a meritorious defense.[5] These additional showings are not required by Rule 60(c), but are firmly established in case law as requirements for Rule 60(c) relief. *See, e.g., United Imports and Exports v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982); *Webb v. Erickson,* 134 Ariz. 182, 655 P.2d 6 (1982); *Richas v. Superior*

*Court,* 133 Ariz. 512, 652 P.2d 1035 (1982). Plaintiffs argue that the requirement of making a showing of a meritorious defense in the default judgment cases was never extended to the cases in which Rule 60(c) relief was sought to set aside nonprejudicial dismissals of a plaintiff's suit until the Arizona Supreme Court made reference to the necessity of presenting a "meritorious claim" in *Bickerstaff v. Denny's Restaurant, Inc.,* which was then repeated in *Gorman v. City of Phoenix.* Plaintiffs argue that the language used in these cases was merely dicta and that it can and should be ignored by this court. Although arguably these statements are dicta, nevertheless they are statements by our supreme court which we believe cannot be ignored.

Plaintiffs have cited numerous cases decided prior to *Bickerstaff* dealing with the granting or denial of Rule 60(c) relief in cases in which a plaintiff's suit was dismissed. Plaintiffs point out that none of these cases state that there is a need for the plaintiff to show a meritorious claim in order to set the dismissal aside. *See, e.g., Gila Valley Irrig. Dist. v. Superior Court,* 144 Ariz. 288, 697 P.2d 681 (1985); *Wright v. Sears, Roebuck and Co.,* 116 Ariz. 391, 569 P.2d 821 (1977); *Walker v. Kendig,* 107 Ariz. 510, 489 P.2d 849 (1971); *McKinley v. Fredonia,* 140 Ariz. 189, 680 P.2d 1250 (App.1984). In our own research, we have found other cases in which Rule 60(c) relief from Rule V dismissals have been sought, none of which stated a requirement that the plaintiff establish a meritorious claim. *See Thompson v. Mecey,* 101 Ariz. 125, 416 P.2d 558 (1966); *Ursel v. Pizzo,* 126 Ariz. 316, 614 P.2d 858 (App.1980); *Black v. Greer,* 17 Ariz.App. 383, 498 P.2d 225 (1972); *Thunderbird Farms v. Hernandez,*

---

**4.** Defendant, in raising the issue that plaintiffs must show that they have a "meritorious claim" relied on the case of *United Imports and Exports v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982). *United Imports and Exports* was a case in which defendant was seeking to set aside a *default judgment* under Rule 60(c) and not one in which plaintiff was seeking to reinstate a claim which had been dismissed pursuant to Rule V. This distinction was pointed out by

plaintiffs in their reply memorandum to the trial court.

**5.** This does not mean that defendant will prevail at trial. "A ruling on the meritorious defense requirement is not a trial on the issue of liability. The hearing to set aside an entry of default merely ascertains, *inter alia,* whether or not the defendant has enough evidence to formulate a colorable defense." *U–Totem Store v. Walker,* 142 Ariz. 549, 553, 691 P.2d 315, 319 (App.1984).

11 Ariz.App. 383, 464 P.2d 829 (1970). The question of whether a meritorious claim must be shown is simply not discussed in any of these cases. We note that in 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2370 (1971), the subject of Rule 60(c) relief from involuntary dismissals for failure to prosecute is discussed without any mention being made that proof of a meritorious claim must be shown.

It appears to this court that our supreme court in stating in *Bickerstaff* and then again in *Gorman* that a plaintiff is required to show a "meritorious claim" has drawn this requirement as an analogy from those cases in which a defendant seeking to set aside a default judgment is required to demonstrate that he has a "meritorious defense". We seriously question whether this is a true or logical analogy since there are distinctive differences in the two situations presented. In the default judgment situation there has been an adjudication on the merits with no appearance by the defendant. Consequently, no defensive pleadings of any nature have been filed to indicate whether there are possible meritorious defenses. On the other hand, a different situation obtains where there has been a Rule V dismissal of a plaintiff's suit for failure to prosecute. Such a dismissal is not an adjudication on the merits and the plaintiff may refile provided the action is not barred by the statute of limitations. Additionally, in this latter situation, plaintiff has appeared and filed a complaint setting forth a claim which, at that point, is ostensibly meritorious since it has not been dismissed through defensive motions such as a motion to dismiss or one for summary judgment.

It almost seems to be an anomaly to require a plaintiff, after establishing a Rule 60(c) basis to set aside a Rule V dismissal to then have to proceed further and show a "meritorious claim." This is tantamount to requiring a plaintiff to affirmatively go forward and demonstrate that his ostensibly meritorious claim will withstand a motion to dismiss or motion for summary judgment. For the benefit of the practicing bar, the trial court and this court, we strongly suggest that this is an issue which deserves visitation and clarification by the supreme court. If indeed a plaintiff must show a "meritorious claim" we further suggest that the supreme court set forth specific guidance on what a plaintiff must show in order to meet the judicially imposed requirement of a "meritorious claim."

In spite of our expressed concerns regarding whether plaintiff should be required to show a "meritorious claim" this does appear to be a present requirement according to the statements by our supreme court in *Bickerstaff* and more recently in *Gorman*. In the present case we note that *Bickerstaff* was not cited by either party in the trial court proceedings. We also note that *Gorman* had not been decided at the time the trial court entered its order denying plaintiff's motion to set aside the dismissal. We further note that neither the trial court's minute entry nor its order of dismissal states any reason or basis for denying the motion. Accordingly, it is impossible for this court to determine the basis for the trial court's order. If it was on the basis of failure to establish Rule 60(c) grounds for relief, it would have been superfluous and an exercise in futility to require plaintiff to show, as indicated in *Gorman*, "... that she acted promptly in seeking relief from the dismissal order, and that she has a meritorious claim." *Gorman*, 152 Ariz. at 184, 731 P.2d at 79. The totality of circumstances presented when considered with the recent decision in *Gorman* and its attendant rationale clearly indicate that remand is necessary.

## CONCLUSION

Since we have concluded, in accordance with *Gorman*, that Rule 60(c) grounds were established justifying a setting aside of the order of dismissal and we cannot, from the trial court's order, determine the trial court's reason or basis for denying the plaintiff's motion, we reverse the order of the trial court. We have further concluded that the record clearly demonstrates that plaintiff acted promptly in seeking relief from the dismissal order. The only remaining consideration is whether it is necessary

for plaintiffs to show whether they have a meritorious claim. We conclude that such showing is required before relief can be granted. However, because we cannot determine whether the trial court even considered that such a showing is necessary or whether it believed that plaintiffs had not established Rule 60(c) grounds, we conclude that this is a matter which must be considered by the trial court in light of this decision and that of our supreme court in *Gorman.* Accordingly, the remand is for the sole purpose of permitting plaintiffs the opportunity to show whether they have a meritorious claim. In the exercise of our discretion we decline to award attorney's fees.

GRANT, P.J., and CORCORAN, J., concur.