608 P.2d 327

**Donell M. EAST, Appellant,**

v.

**Teddy HEDGES and Rhonda Hedges, husband and wife, Appellees.**

No. 1 CA–CIV 4155.

Court of Appeals of Arizona,
Division 1,
Department A.

March 11, 1980.

Miller, Mark, Seidel & Simon, Ltd. by John H. Seidel, Leonard J. Mark, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C., by Ralph E. Hunsaker, Steven D. Smith, Phoenix, for appellees.

## OPINION

FROEB, Presiding Judge.

This appeal arises out of a personal injury action in which Donell M. East (referred to here as the plaintiff) sued Teddy Hedges and Rhonda Hedges (referred to here as defendants) for damages sustained in an automobile accident. Plaintiff obtained judgment by default on December 2, 1976, and brought garnishment proceedings on June 9, 1977, against Liberty Mutual Fire Insurance Company (referred to here as the insurer) which had issued a liability policy to defendants covering the accident. On June 23, 1977, the insurer filed a motion to quash the garnishment and to set aside the default and default judgment. This appeal is from the order of the trial court granting the motion.

■ The insurer sought relief from the judgment entered against the plaintiff on grounds set forth in 16 A.R.S., Rules of Civil Procedure, rule 60(c). The standing of the insurer to enter the proceedings and seek such relief in Arizona is well established in *Sandoval v. Chenoweth*, 102 Ariz. 241, 428 P.2d 98 (1967), and *Camacho v. Gardner*, 104 Ariz. 555, 456 P.2d 925 (1969). As explained in *Sandoval* and reiterated in *Camacho*, the entry of judgment against the insured creates not only a judgment debt in favor of the plaintiff, but at the same time it creates a debt under the insurance contract between the judgment debtor and his insurer "[A]nd that for this reason, the insurer should have a right to defend against the default judgment." 104 Ariz. at 558, 456 P.2d at 928.

Arguments for setting aside the default were presented to the trial court by the insurer pursuant to parts 3, 4, 5 and 6 of rule 60(c). The trial court set aside the default but did not specify a particular ground for doing so.

■ We need not review the merits of arguments as they relate to parts 3, 4 and 5, as part 6 of rule 60(c) furnishes a basis in this case to sustain the exercise of the trial court's discretion. In so holding, we are mindful that part 6 of rule 60(c) does not confer a discretionary dispensing power upon the trial court to grant relief on the basis of reasons enumerated in the preceding parts; instead, part 6 is a residual clause which reserves to the court power to do justice in a particular case when relief is not available under other parts. *Sloan v. Florida-Vanderbilt Development Corp.*, 22 Ariz.App. 572, 529 P.2d 726 (1974).

■ When an insurer has not had notice of the pendency of a lawsuit against its insured and thus no opportunity to defend on the merits, part 6 of rule 60(c) is a potential avenue of relief. *Camacho v. Gardner*, 104 Ariz. at 560, 456 P.2d 925. As a non-party with standing, the insurer enters the litigation without having received notice of the proceedings otherwise provided to a party by service of process. It, therefore, does not have legal notice of a default judgment entered against its insured unless it received this information by other means. The lack of notice is a reason, beyond those set forth in the first five parts of rule 60(c), for the trial court to exercise its discretion and set the default judgment aside. Such is the situation here.[1]

1. While our decision sustains the order of the trial court on the basis of lack of notice, the insurer asserted other grounds in the trial court based upon a settlement made with the plaintiff prior to the lawsuit. The record indicates that the plaintiff executed a "release and settlement of claim" on April 23, 1976, in return for $13,533.00 paid by the insurer. Later, plaintiff's attorney communicated with the insurer and expressed his view that plaintiff was not bound by the settlement. When the insurer refused to acquiesce in any further payment to plaintiff,

There is a contention, however, that the insurer was notified both of the prospect of the lawsuit as well as its pendency, once filed. The affidavit of plaintiff's counsel avers that he conferred with representatives of the insurer prior to filing the suit to the effect that if the insurer refused to agree to settlement, his client would bring suit. We are unable to find, however, that the threat of litigation is tantamount to notice to the insurer which would bar part 6 relief. Defendants, in their affidavits, recite that they called the office of the insurer after being served with the summons and complaint and informed an unidentified employee of the pendency of the lawsuit. Countering this, the insurer submitted multiple affidavits of its employees, all to the effect that no telephone call was received. We find that for rule 60(c) purposes, the countering affidavits of the insurer were sufficient to justify a determination by the trial court that notice of the suit was not given to the insurer prior to the writ of garnishment. The motion to set aside the default filed on June 23, 1977, thirteen days after service of the writ of garnishment, was "within a reasonable time" after the insurer's notice of the default judgment as required by rule 60(c).

Since we find the trial court did not abuse its discretion, the order setting aside the default and the default judgment is affirmed.

DONOFRIO and WREN, JJ., concur.

the attorney indicated he would be filing a lawsuit, which occurred on August 12, 1976. No mention was made in the complaint concerning the release and settlement. Likewise, the default judgment for $35,000.00 did not take into account or offset the $13,533.00 previously received by plaintiff. In the motion to set aside the default judgment, the insurer contended that plaintiff's failure to allege the release and to first seek to set it aside before proceeding with his claim in the complaint constituted misrepresentation, misconduct, and a fraud upon the court. The insurer also argued that the release and settlement satisfied and discharged the cause of action and was equivalent to a satisfaction and release of the insurer. As stated in the opinion, we do not reach these contentions or decide the extent to which they are cognizable under rule 60(c).