384

732 P.2d 1122

**Grant L. ECHOLS, Plaintiff/Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Intervenor/Appellant.**

**No. 2 CA–CV 5882.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 30, 1986.

MacLean & Jacques, Ltd. by Cary T. Inabinet, Phoenix, for plaintiff/appellee.

Ridenour, Swenson, Cleere & Evans by Scott A. Alles, Phoenix, for intervenor/appellant.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from the denial of a motion to set aside a default and default judgment.

This case arises out of an accident which occurred on or about March 24, 1985, involving a motorcycle driven by the appellee, Grant Echols, and a vehicle driven by Rick Hedlund. At the time of the accident Hedlund was the permissive user of a car owned by State Farm's insured, Diane Leslie.

Appellee sued Hedlund and served him with a copy of the summons and complaint. He did not sue the owner/insured Leslie. Although State Farm had been notified of the accident on March 29, 1985, State Farm was never notified of the fact that a summons and complaint had been filed and served upon Hedlund until after a default judgment was entered on June 14, 1985.

On August 1, 1985, an agent of State Farm was notified by appellee's counsel that the default had been entered. On the same day, counsel for State Farm filed a motion to intervene and set aside the default. A few days later, counsel for State Farm also filed the transcript of a recorded statement of Hedlund in connection with the motion to set aside the default. In this statement Hedlund admitted that he never notified the insurance company of the fact that he had been served with a summons and complaint and also stated that Echols was in the wrong and had been speeding at the time of the accident. Accompanying the motion to set aside was an affidavit of the claims representative who took and recorded the statement from Hedlund, stating that the transcripts attached to the motion were true and correct copies of their conversation.

State Farm contended in the motion to set aside that it had good cause to set aside the default judgment because it never

had notice of the lawsuit. See *East v. Hedges*, 125 Ariz. 188, 608 P.2d 327 (App. 1980). The trial court disagreed, finding that *Hedges* did not apply to service of a summons and complaint upon a permissive user. ·We find no reason to distinguish between an insured and a permissive user of the insured's automobile. Therefore, we hold that the rationale of *Hedges* does apply to the permissive user of an automobile.

■ On appeal, appellee contends that there was no affidavit of a meritorious defense. The purpose of requiring the meritorious defense is not to try the issue of liability in advance, but to show that there are some facts upon which the defendant might prevail which would provide a defense to liability, and in some cases to damages. The affidavit of the claims representative, referring to the recorded statement of Hedlund, in which Hedlund states that Echols was speeding at the time of the accident, does .not suffice for the purpose of showing the court that there may exist a meritorious defense since it was not based on personal knowledge. The claims representative had no personal knowledge that Echols was speeding. *Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982); *Almarez v. Superior Court*, 146 Ariz. 189, 704 P.2d 830 (App.1985).

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.