790 P.2d 771

COAST TO COAST MARKETING, a New Jersey corporation, Plaintiff/Appellee,

v.

GORDON B. HAMILTON CO., an Arizona corporation; et al., Defendants/Appellants.

No. 2 CA–CV 90–0030.

Court of Appeals of Arizona, Division 2, Department A.

April 26, 1990.

William E. Druke, Tucson, for plaintiff, appellee.

Douglas P. Mitchell, Tucson, for defendants, appellants.

OPINION

HATHAWAY, Judge.

The sole issue we must resolve in this appeal is whether an airplane is a "vehicle" for the purposes of Arizona's Personal Property Lien Statute, A.R.S. § 33–1021. We hold that it is and reverse the judgment entered below.

Appellant, doing business as Hamilton Aviation, maintains and repairs airplanes. It performed repairs and provided maintenance on an aircraft owned by appellee. When appellant did not release the airplane to appellee when demand was made, appellee filed suit alleging conversion and breach of contract. Appellant counterclaimed for the value of the work performed on the airplane. The parties filed cross motions for summary judgment on the issue of whether a personal property lien can be asserted against an airplane under Arizona law. The trial court ruled that neither A.R.S. § 33–1021 or § 33–1022 granted appellant a lien against the airplane.

A.R.S. § 33–1021 states, in pertinent part:

When [a] ... vehicle ... is repaired ... with labor, with or without material, by a ᐧ ... mechanic ... ˙or other workman, such person shall have a lien thereon for the labor or material and may retain possession thereof until the amount due is fully paid.

The question to be answered is whether an airplane is a vehicle.

Nowhere in Chapter 7, Title 33 of the Arizona Revised Statutes pertaining to personal property liens is the term "vehicle" defined. Appellee cites Title 28, Motor Vehicles, and refers to the definitions contained therein. Definitions which pertain to statutes which have nothing to do with the subject of liens are not persuasive. *Western Coach Corp. v. Malibu Corp.*, 22 Ariz.App. 482, 528 P.2d 868 (1974).

The general definition statute, A.R.S. § 1–215, does not define "vehicle"; however, A.R.S. § 1–213 provides: "Words and phrases shall be construed according to the common and approved use of the language...." This rule of construction is applied unless it is clearly apparent that the legislature intended some special or technical meaning. *State ex rel. Frohmiller v. Hendrix*, 59 Ariz. 184, 124 P.2d 768 (1942). We can discern no legislative intent to impart some special or technical meaning to the word "vehicle" in A.R.S. § 33–1021. Webster's Third New International Dictionary, Unabridged, defines "vehicle" as "a means of carrying or transporting something, conveyance, a carrier of goods or passengers." In the examples of usage after the definition is included "aerial vehicles such as airplanes, and submerged vehicles such as ... submarines." In addition, current everyday usage assigns a broad meaning to the word vehicle, e.g., space vehicle and launch vehicle.

To limit the scope of "vehicle" as used in A.R.S. § 33–1021 would mean that anyone who repaired, maintained or stored an airplane, or for that matter a boat, could insure payment for his services only by obtaining and perfecting a security interest in the airplane or boat. We do not believe the legislature intended such a result. One who has expended labor and materials on an "article, implement, utensil, garment, wearing apparel, or vehicle" can assert a personal property lien under A.R.S. § 33–1021 in order to ensure payment for services rendered. We believe the term "vehicle" is broad enough to encompass an airplane.

We find support for a broad reading of "vehicle" from other jurisdictions. *Bearce v. United States*, 433 F.Supp. 549 (N.D.Ill. 1977) (even motor vehicle includes boat); *United States v. One Pitcairn Biplane*, 11 F.Supp. 24 (W.D.N.Y.1935) (vehicle includes airplane); *MacKnight v. Federal Life*, 278 Ill.App. 241 (1934) (vehicle applies to any conveyance whether on land or on water or in the air); *McReynolds v. Municipal Court of the City of Ottumwa*, 207 N.W.2d 792 (Iowa 1973) (airplane); *Barnes v. Crowe*, 240 S.W.2d 604 (Ky.1951) (air-

plane); *South Miss. Airways v. Chicago & Southern Airlines*, 200 Miss. 329, 26 So.2d 455 (1946) (airplane); *Vetrano v. Aetna Life & Cas.*, 612 S.W.2d 689 (Tex.Civ.App. 1981) (boat).

We find *Certain British Underwriters at Lloyds of London, England v. Jet Charter Service, Inc.*, 789 F.2d 1534 (11th Cir.1986), relied on by appellee, distinguishable. There, the court was interpreting an insurance contract which contained an exception to an exclusionary clause which resulted in coverage for damages to vehicles. The court held that the term "vehicle" did not include aircraft. However, a separate clause in the insurance policy, which the insured had chosen not to procure, covered damages to aircraft. The court had no difficulty in finding that "vehicle" was not intended to include aircraft. The other case relied on by appellee, *Di Guilio v. Rice*, 27 Cal.App.2d 775, 70 P.2d 717 (1937), we decline to follow.

We hold that "vehicle" as used in A.R.S. § 33–1021 includes airplanes, and that appellant can assert a personal property lien against the airplane in this case. We express no opinion as to the validity of any such lien.

Reversed.

ROLL, P.J., and HOWARD, J., concur.