859 P.2d 196

**Robert COPELAND, Plaintiff–Appellant,**

**v.**

**ARIZONA VETERANS MEMORIAL COLISEUM AND EXPOSITION CENTER, and its Board and Employees, Defendants–Appellees.**

**No. 1 CA–CV 91–0235.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 31, 1993.

Ralph Matthew Hess, P.C. by Ralph Matthew Hess, Prescott, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Lisa K. Daniel, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

McGREGOR, Judge.

Robert Copeland (plaintiff) appeals from the trial court's order dismissing his action pursuant to Uniform Rule V(e), Uniform Rules of Practice for the Superior Court of Arizona.[1] He claims the trial court abused its discretion (1) by denying his motion to set aside the judgment of dismissal and reinstate the case on the inactive calendar pursuant to Rule 60(c)(1) and (6), Arizona Rules of Civil Procedure[2] and (2) by denying his motion to refile the same action under the savings statute, Ariz.Rev.Stat. Ann. ("A.R.S.") § 12–504.A. On the unique facts of this case, we find no abuse of discretion and affirm.

**1.** In this opinion, we will refer to the Uniform Rules of Practice for the Superior Court of Arizona as Rule ___.

### I.

Plaintiff filed a personal injury action against the Arizona Veterans Memorial Coliseum, its Board and employees (defendants) on February 24, 1989. Plaintiff alleged that he was injured when he slipped and fell while walking down an exit ramp at the Coliseum on March 4, 1988. On March 2, 1989, defendants served interrogatories and a request for production and set plaintiff's deposition for May.

Plaintiff was absent from the state for some period of time between March and July 1989, and did not maintain contact with his attorney. At the request of Mr. Hull, plaintiff's attorney, defendants agreed to several extensions of time within which to respond to the discovery and canceled plaintiff's deposition. On May 23, 1989, Hull notified defendants that he could not locate his client and therefore could not respond to the discovery requests. He stated that if he had not responded to discovery by June 22, 1989, he intended to withdraw as counsel of record. When defendants had not received responses by June 30, they moved the court to dismiss the action for lack of prosecution or, alternatively, to compel responses, provide security for the costs of the action and award defendants attorneys' fees.

On July 10, 1989, Hull moved to withdraw as plaintiff's attorney, asserting that plaintiff "had failed and refused to inform his counsel of his current address and telephone number...." By minute entry dated July 12, the trial court set a July 31 hearing on defendants' pending motions. The court mailed the notice to counsel and to plaintiff, using the address provided by plaintiff's counsel.

On July 20, 1989, Hull withdrew his motion to withdraw as counsel, stating that the United States Post Office had provided an incorrect forwarding address for plaintiff, but that plaintiff had now contacted his attorney and wished to proceed. Plain-

**2.** We will refer to Rule 60(c), Ariz.R.Civ.P., as Rule 60(c).

tiff also responded to defendants' motions, which the court had re-scheduled for hearing on August 11, 1989. On August 10, plaintiff responded to defendants' discovery requests. Following argument on August 11, the court denied defendants' motion to dismiss and awarded defendants attorneys' fees for plaintiff's failure to comply with the rules governing discovery.

Defendants served additional discovery requests on August 22, 1989, to which plaintiff responded on September 25.

On November 16, 1989, nine months after plaintiff filed his complaint, the court administrator issued a form minute entry placing the action on the inactive calendar as of December 18, 1989, for dismissal of unadjudicated claims on February 20, 1990. *See* Rule V(e).[3] This minute entry identified David M. Shapiro as plaintiff's attorney although Shapiro had no relationship to this action. The clerk of court never mailed this minute entry to Hull.

On January 1, 1990, Mr. Hull left the firm of Hess & Hull, P.A. Mr. Hess assumed plaintiff's representation and adopted the firm name Ralph Matthew Hess, P.C., located at an address different than that of Hess & Hull. Neither Hull nor Hess notified the court of the changes in counsel and address until October 12, 1990.

Plaintiff and Hess met on January 26, 1990, to discuss the progress of plaintiff's treatment. On March 1, Hess mailed requests to witnesses asking for their statements. Plaintiff and Hess apparently next communicated on October 29, 1990, when they met to discuss plaintiff's medical status.

On April 13, 1990, the court administrator issued a minute entry order dismissing the action, without prejudice, for lack of prosecution. Because the statute of limitations had expired in March, however, the order effectively dismissed the action with prejudice. The clerk of court again sent the minute entry to David Shapiro as plaintiff's counsel. Shapiro did not contact the court about the error until ten days after the date of dismissal.

Hess filed no formal discovery requests on plaintiff's behalf until October 3, 1990. Only then did Hess discover the order of dismissal entered in April 1990.

On October 12, 1990, plaintiff, relying upon Rule 60(c)(1) and (6), moved to set aside the judgment and reinstate the action on the inactive calendar. As authority, plaintiff relied upon *East v. Hedges*, 125 Ariz. 188, 608 P.2d 327 (1980), which held that the trial court did not abuse its discretion in granting Rule 60(c) relief from a default judgment to an insurer who had no notice of a pending lawsuit and thus no opportunity to defend. *Id.* at 189, 608 P.2d at 328. Plaintiff also filed a new complaint alleging the same claims as the dismissed complaint.

On October 25, 1990, the trial court set out in detail its review of the history of this action and found that plaintiff's counsel had not received either the minute entry placing the action on the inactive calendar or the minute entry dismissing the action for lack of prosecution. The court also stated:

> The record reflects the first discovery undertaken by plaintiff was 20 months after the complaint was served.

> (2) The court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal.
> (f) **Notification.** The clerk of the court or court administrator, whoever is designated by the presiding judge, shall promptly notify counsel in writing of the placing of cases on the Inactive Calendar, and no further notice shall be required prior to dismissal.

**3.** Rule V provides in relevant part:
 (e) **Inactive Calendar.** The clerk of the court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been filed within nine months after the commencement thereof,.... All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution ... unless prior to the expiration of such two months period:
 (1) A proper Motion to Set and Certificate of Readiness is filed; or

The court requests plaintiff to indicate what diligent prosecution the plaintiff was making of his case pursuant to Rule V(e), Uniform Rules of Practice, and discuss his motion to set aside judgment in view of *Jepson v. New*, [164 Ariz. 265, 792 P.2d 728 (1990)].

Due to an overlap in the filing of plaintiff's reply in support of his motion and the court's October 25 order, the court granted plaintiff additional time to file a supplemental memorandum addressing *Jepson*, which plaintiff filed on November 2, 1990. In his memorandum, plaintiff defined his activities revealing diligence as consisting of (1) his January 26, 1990 meeting with counsel and (2) his conducting "informal discovery" by mailing requests to witnesses on March 1, 1990. On November 23, 1990, the court denied the motion, stating: "The court finds that the plaintiff has failed to actively prosecute this case and show good cause to set aside the order of dismissal."

On December 3, 1990, plaintiff moved for leave to commence a new action for the same cause pursuant to A.R.S. § 12–504.A; the court also denied that motion. The trial court issued a formal judgment, including findings of fact and conclusions of law, on February 19, 1991. This court has jurisdiction to hear plaintiff's timely appeal pursuant to A.R.S. §§ 12–120.21 and –2101.

## II.

■ This court will reverse a trial court's order denying relief under either Rule 60(c) or section 12–504.A only for an abuse of discretion. *Gorman v. City of Phoenix*, 152 Ariz. 179, 182, 731 P.2d 74, 77 (1987) (discussing Rule 60(c)); *Jepson v. New*, 164 Ariz. 265, 274, 792 P.2d 728, 737 (1990) (discussing Rule 60(c) and A.R.S. § 12–504.A).

---

4. Rule 60(c) provides in relevant part:
 On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable ne-

## A.

■ In *Jepson v. New*, the Arizona Supreme Court set out a detailed analysis of the showing needed to obtain relief through Rule 60(c)[4] after a trial court dismisses an action pursuant to Rule V(e). The court held that, to obtain relief under Rule 60(c)(1) from a Rule V(e) dismissal for lack of prosecution, a plaintiff generally must show (1) mistake, inadvertence, surprise or excusable neglect; (2) that relief was sought promptly; and (3) that a meritorious claim existed. *Jepson*, 164 Ariz. at 272–73, 792 P.2d at 735–36. To obtain Rule 60(c)(6) relief, a plaintiff must show extraordinary circumstances of hardship or injustice justifying relief as well as proof that (1) plaintiff diligently and vigorously prosecuted the case; (2) the parties took reasonable steps to inform the court of the case status; (3) substantial prejudice will result unless relief is granted; (4) plaintiff sought relief promptly and (5) plaintiff has a meritorious claim. *Id.* at 273, 792 P.2d at 736. The court further instructed that, in assessing the plaintiff's diligence, the trial court must evaluate the totality of the circumstances surrounding the prosecution of the case, including the activities of all parties involved and any impediments to vigorous prosecution. *Id.* at 276, 792 P.2d at 739.

### 1.

Despite the clear direction given in *Jepson*, plaintiff urges this court to forego the analysis established in that decision. We need not undertake the *Jepson* analysis, he asserts, because the clerk of court's failure to notify him of the status of his case, *see* Rule V(f), automatically justifies reinstatement and ends any inquiry into other factors involved in obtaining Rule 60(c) relief.

To support his argument, plaintiff relies upon Arizona authority that seems to lend

---

glect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken.

direct support to his position.[5] Significantly, however, the decisions upon which plaintiff relies all were issued prior to *Jepson*, and none address any of the factors the *Jepson* court found central to review of decisions granting or denying Rule 60(c) relief. *See McKinley v. Town of Fredonia*, 140 Ariz. 189, 680 P.2d 1250 (App. 1984) (trial court abused its discretion in denying plaintiff's motion to reinstate a case dismissed for lack of prosecution without evidence that the plaintiff received notice of pending dismissal; decision focuses on whether mailing presumes receipt without considering evidence of diligence); *Black v. Greer*, 17 Ariz.App. 383, 498 P.2d 225 (1972) (trial court's Rule 60(c) order setting aside a Rule V(d) dismissal for lack of prosecution due to lack of notice not an abuse of discretion; no discussion of *Jepson* factors); *Thunderbird Farms v. Hernandez*, 11 Ariz.App. 383, 464 P.2d 829 (1970) (trial court's Rule 60(c) order setting aside a dismissal and reinstating the cause on the inactive calendar not an abuse of discretion due to lack of notice of impending dismissal or a secretarial mistake; no discussion of *Jepson* factors). *But see Ursel v. Pizzo*, 126 Ariz. 316, 614 P.2d 858 (App.1980) (affirming trial court's refusal to set aside dismissal of case despite failure of plaintiff to receive Rule V(e) notice).

▆ Despite plaintiff's urging to the contrary, we interpret those earlier decisions in concert with, not independent of, *Jepson*. The decisions upon which plaintiff relies do not conflict with the *Jepson* analysis if we regard the lack of notice to plaintiff as one factor the trial court should consider in assessing plaintiff's diligence rather than as the single dispositive factor in determining whether Rule 60(c) relief is required. In other words, whether a party received notice of impending Rule V(e) dismissal logically constitutes one factor, albeit an important factor, within the "totality of circumstances" the court considers in determining whether a party diligently prosecuted the case. *See Jepson*, 164 Ariz. at 276, 792 P.2d at 739.

Considering lack of notice as one factor also permits us to reconcile the court's obligation to give notice of impending dismissal with the obligation of an attorney to keep himself advised of the ongoing status of any action in which he has appeared. *See* Uniform Rule XII(a).[6] Neither the court's failure to provide notice nor an attorney's failure to be aware of the status of an action is necessarily dispositive in any particular action. By considering each as a factor in the Rule 60(c) analysis, we can reconcile two policy concerns: we avoid dismissal of cases in active litigation due to minor procedural errors, *see Gorman*, 152 Ariz. at 183, 731 P.2d at 78, while holding the parties involved, rather than the court system, responsible for diligent prosecution of litigation. *Id.; see Jepson*, 164 Ariz. at 270, 274, 792 P.2d at 733, 737.

We therefore apply the *Jepson* analysis to the facts of this case, considering the impact of the court's failure to provide notice of dismissal under Rule V(f) as part of our assessment of the totality of the circumstances surrounding plaintiff's prosecution of his case.

2.

▆ We find the trial court could reasonably conclude that plaintiff did not establish sufficient basis to obtain relief under subsection (1) or (6) of Rule 60(c). Plaintiff met some of the Rule 60(c)(1) criteria; he showed that he lacked notice of the impending dismissal due to a mistake by the clerk of court and he promptly filed a motion to set aside the Rule V(e) dismissal. Plaintiff also met one of the criteria for Rule 60(c)(6) relief; he showed the order of dismissal caused substantial prejudice be-

---

5. Plaintiff presented no argument to the trial court based upon the authority on which he now relies.

6. Uniform Rule XII(a) provides that "[e]ach attorney shall be responsible for keeping advised

of the status of cases in which that attorney has appeared, or their positions on the calendars of the court and of any assignments for hearing or argument."

cause the statute of limitations expired on March 5, 1990.[7]

Plaintiff, however, did not even argue, and certainly made no showing, that he possesses a meritorious claim, essential to obtain relief pursuant to either subsection (1) or (6) under the *Jepson* analysis. Plaintiff likewise failed to meet the remaining requirements for Rule 60(c)(6) relief.

Plaintiff did not, and on the undisputed record could not, establish that he diligently and vigorously prosecuted his claim. Plaintiff did not timely respond to defendants' discovery requests; he responded only after defendants moved to compel responses. His attorney's only affirmative activity after serving the complaint in February 1989, consisted of meeting with plaintiff in January 1990 and mailing requests to witnesses asking for their statements in March 1990. Plaintiff did not begin formal discovery until October 1990, almost six months after the case was dismissed, ten months after the court placed it on the inactive calendar, and twenty months after plaintiff filed the complaint.

Plaintiff provides no explanation for his lack of diligence. Rule V(e) provides clear notice that if a party fails to prosecute and prepare an action, it shall be dismissed. Although the rule envisions dismissal within eleven months, the administrative order dismissing plaintiff's action was not entered until fourteen months after he filed his complaint. During that time, plaintiff took no action and apparently failed to ascertain the status of the case. Plaintiff also failed to notify the court of his change of counsel, as required by Uniform Rule XII.[8] Although plaintiff hired new counsel in January 1990, the court did not receive notice of the substitution or of the change in counsel's address until October 1990. In the face of such obvious inattention, the trial court could reasonably conclude that the court's notice error did not excuse plaintiff's lack of diligence in prosecuting his case.

We find no abuse of discretion in the trial court's decision that plaintiff failed to establish that he is entitled to relief under Rule 60(c)(1) or (6).

**B.**

 Plaintiff next contends that the trial court abused its discretion by denying him relief pursuant to A.R.S. § 12–504.A, the "savings statute."[9] Section 12–504.A confers discretion upon the trial court to provide an additional period, not to exceed six months from the time the court dismisses an action for lack of prosecution, for a plaintiff to refile an identical action if the limitations period has expired. This court reviews the grant or denial of section 12–504.A relief for abuse of discretion. *Jepson*, 164 Ariz. at 274, 792 P.2d at 737.

In *Jepson*, the supreme court established the following specific test to determine when to permit refiling:

> The [trial] court should ascertain whether the plaintiff acted reasonably and in good faith, whether he prosecuted his case diligently and vigorously, whether a procedural impediment exists which affects his ability to file a second action,

---

7. Expiration of the statute of limitations period alone does not justify relief under Rule 60(c)(6). *Jepson*, 164 Ariz. at 270, 792 P.2d at 733; *Bickerstaff v. Denny's Restaurant, Inc.*, 141 Ariz. 629, 633, 688 P.2d 637, 641 (1984).

8. Uniform Rule XII provides in pertinent part:

> (a) **Responsibility to Court.** ... Upon relocation, each attorney shall advise the clerk of court and court administrator, in each of the counties in which that attorney has cases that are pending, of the attorney's current office address and telephone number....
>
> (c)(2) Withdrawal and Substitution. Except where provided otherwise ... no attorney shall be permitted to withdraw, or be substituted, as attorney of record in any pending action except by formal written order of the court, supported by written application setting forth the reasons therefor together with the name, residence and telephone number of the client....

9. A.R.S. § 12–504.A provides in part:

> If an action timely commenced is terminated by ... dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

and whether either party will be substantially prejudiced.

\* \* \* \* \* \*

The burden is on the plaintiff to present the particular circumstances that justify relief under § 12–504.

*Id.* at 272, 792 P.2d at 735 (citing *Flynn v. Cornoyer–Hedrick Architects & Planners, Inc.,* 160 Ariz. 187, 192, 772 P.2d 10, 15 (App.1988)) (emphasis omitted). The court reiterated that "the diligence necessary to obtain relief under Rule 60(c) should also be part of the standard for relief under the savings statute." *Jepson,* 164 Ariz. at 273, 792 P.2d at 736.

Plaintiff argues that he acted in good faith given the lack of notice caused by the clerk's mistake. He states that he prosecuted the case diligently and vigorously, filing his first and second actions as rapidly as possible, responding to defendants' discovery requests, and benefitting from information gained through that discovery. *See id.* at 276, 792 P.2d at 739 (noting that although the record must show plaintiff is actively pursuing the case, discovery initiated by other parties may benefit plaintiff as well). Plaintiff contends that defendants have suffered no prejudice and will not be prejudiced by the refiling of the complaint. He also alleges that he was involved in active discovery without informing the court.

For reasons already explained, we hold that the trial court could reasonably conclude that plaintiff did not prosecute his action diligently and vigorously. Plaintiff neither provides an explanation for his lengthy inaction nor identifies any activity he would have taken in furtherance of the case had he received notice of the pending dismissal.

Additionally, plaintiff did not seek relief under section 12–504.A within six months of the date of termination. Instead, after receiving notice of the dismissal, plaintiff waited another two months to file a motion seeking section 12–504.A relief, thereby exceeding the six-month period to refile established in the statute. Plaintiff does not explain this delay, which is particularly in-explicable in view of the fact that he filed his Rule 60(c) motion and a new complaint within six months after the date of dismissal.

Although plaintiff certainly is prejudiced by the trial court's denial of his motion to refile, the trial court was justified in finding that plaintiff failed to carry his burden of demonstrating circumstances that justify relief under section 12–504.A. *See Jepson,* 164 Ariz. at 273, 792 P.2d at 736. We find no abuse of discretion.

## III.

For the foregoing reasons, we affirm the trial court's orders denying plaintiff's motion to set aside the judgment under Rule 60(c)(1) or 60(c)(6) and motion to refile under A.R.S. § 12–504.A.

NOYES, J., concurs.

GARBARINO, Presiding Judge, dissenting.

I respectfully disagree with the majority. The facts are not in dispute. The plaintiff's claim was dismissed without prejudice by the court acting pursuant to Uniform Rule V(e). The plaintiff filed a new complaint and a Rule 60(c)(1) and (6) motion to set aside the judgment and to reinstate the action on the inactive calendar. Unfortunately, the statute of limitations had expired one month prior to the filing of the new complaint.

The majority goes right to the analysis set forth in *Jepson v. New,* 164 Ariz. 265, 792 P.2d 728 (1990) as dispositive. They ignore the fact that the plaintiff never received notice that the case had been placed on the inactive calendar or that it had been dismissed. They concede that the notices were sent to an attorney who had absolutely nothing to do with the case and who did not contact the court about the error until ten days after the dismissal.

The majority postulates that the plaintiff's attorney was not diligent and did not vigorously prosecute the case. What plaintiff's attorney did or did not do prior to the case having been dismissed is irrelevant.

After having been given notice that the case had been placed on the inactive calendar, the plaintiff should have had the opportunity to take corrective action to rectify the situation. At a bare minimum, the plaintiff should have been given notice that the case had been dismissed without prejudice. This court should not now conclude that the trial court's dismissal was proper because *in hindsight* the case should have been dismissed anyway. This is akin to executing a defendant before trial and then saying, after the fact, that it was proper to execute him because he needed executing anyway. A trial court might find it helpful to listen to the plaintiff's side of the case prior to dismissing it.

The majority advises us that it is the attorney's obligation to keep himself or herself advised of the status of the case. I would agree. However, the notice provisions of our rules of civil procedure are designed to advise the parties that their claims or defenses are in danger of being dismissed for whatever reason. To adopt a rule that circumvents the notice requirements of our rules of procedure certainly works against traditional notions of procedural due process.