SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| AMERICAN ASPHALT & GRADING COMPANY, an Arizona corporation, | ) Arizona Supreme Court ) No. CV-10-0324-PR ) |
| Plaintiff/Appellant, | ) Court of Appeals ) Division One |
| v. | ) No. 1 CA-CV 09-0634 ) |
| CMX, L.L.C., an Arizona limited liability company; CMX GROUP, INC., an Arizona corporation, | ) Maricopa County ) Superior Court ) No. CV2008-009602 ) |
| Defendants/Appellees. | ) ) |
| | ) **O P I N I O N** ) |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable John A. Buttrick, Judge

**VACATED AND REMANDED**

_____

Memorandum Decision of the Court of Appeals Division One
Filed Jul. 22, 2010

**VACATED**

_____

LANG BAKER & KLAIN PLC                                Scottsdale
     By   Kent A. Lang
          William G. Klain
          Michael Walter Thal

And

PAUL G. ULRICH P.C.                                     Phoenix
     By   Paul G. Ulrich
Attorneys for American Asphalt & Grading Company

FOLK & ASSOCIATES P.C.                                  Phoenix
     By   P. Douglas Folk
          Benjamin L. Hodgson
          Christopher D.C. Hossack
Attorneys for CMX LLC and CMX Group Inc.

And

COMMITTEE ON SUPERIOR COURT
     BY   Hon. James Soto, Chair
Amicus Curiae Committee on Superior Court

_____

**B R U T I N E L**, Justice

¶1      Arizona Rule of Civil Procedure 38.1(e) requires the superior court to "promptly notify counsel in writing of the placing of cases on the Inactive Calendar."  We hold that a notice issued several months prior to placing the case on the Inactive Calendar does not comply with this rule.

## I.

¶2      In April 2008, American Asphalt and Grading Company ("American Asphalt") sued CMX, L.L.C., for professional negligence and breach of implied warranty.  On October 1, 2008, the Maricopa County Superior Court issued an order ("150-Day Order") informing American Asphalt that if it did not file a Motion to Set and Certificate of Readiness as required by Rule 38.1(a), the case would be placed on the Inactive Calendar after January 20, 2009, and dismissed without further notice on or after March 23, 2009.

¶3      American Asphalt did not file a Motion to Set and the case was dismissed without further notice on April 29, 2009. American Asphalt then promptly moved under Arizona Rules of Civil Procedure 60(c)(1) and (6) to set aside the dismissal.

2

American Asphalt contended that its failure to comply with Rule 38.1(a) was excusable because it had substituted counsel around the time of the Rule 38.1(d) filing deadline. The superior court denied the motion. The court of appeals affirmed, finding no excusable neglect partly because "the 150-Day Order provided the notice required in Rule 38.1(e)." *American Asphalt & Grading Co. v. CMX, L.L.C.*, 1CA-CV 09-0634, 2010 WL 2889471, at *3 ¶¶ 13-15 (Ariz. App. July 22, 2010) (mem. decision).

¶4 We granted review to clarify the requirements of Rule 38.1(e). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

**II.**

¶5 Arizona Rule of Civil Procedure 38.1(d) requires that "every case in which a Motion to Set and Certificate of Readiness has not been served within nine months after the commencement thereof" shall be placed on the "Inactive Calendar." Under that rule, cases remaining on the Inactive Calendar for two months without either the filing of a Motion to Set or a court order allowing continuance on that Calendar "shall be dismissed without prejudice for lack of prosecution." Rule 38.1(e) states:

> The clerk of the court or court administrator, whoever is designated by the presiding judge, shall promptly notify counsel in writing of the placing of cases on the Inactive Calendar, and no further notice shall be required prior to dismissal.

3

¶6    American Asphalt argues that the 150-Day Order did not satisfy Rule 38.1(e) because the order did not issue when the case was placed on the Inactive Calendar.  We use rules of statutory construction to interpret court rules.  *See Preston v. Kindred Hosps. W., L.L.C.*, 226 Ariz. 391, 393 ¶ 8, 249 P.3d 771, 773 (2011).  And we do not look beyond a rule's language if it is clear and unambiguous.  *Id.*

¶7    Read in isolation, the phrase "of the placing of cases on the Inactive Calendar," rather than "when a case is placed on the Inactive Calendar," could be read to mean that Rule 38.1(e) is satisfied if attorneys are notified at any time that cases will be placed on the Inactive Calendar on some specified future date.  Under that interpretation, Maricopa County's 150-Day Order would comply with the rule.

¶8    Based on the rule's directive that the court shall "promptly" notify counsel of the placement of cases on the Inactive Calendar, however, we conclude that Rule 38.1(e) requires contemporaneous (or nearly contemporaneous) notice when a case is placed on the Inactive Calendar.  As noted above, Rule 38.1(d) directs the court to "place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness" are not served within nine months.  Rule 38.1(e), by requiring the court to "promptly notify counsel in writing of the placing of cases on the inactive calendar," is most

4

plausibly read to refer to notice when the action identified in Rule 38.1(d) occurs- that is, when the case is actually placed on the Inactive Calendar.  Any other interpretation would imply that the court's placing a case on the Inactive Calendar under Rule 38(d)(1) means something different than the "placing of cases on the Inactive Calendar" in Rule 38.1(e).

¶9     Construed most reasonably and in context, Rule 38.1(e) requires notification when a case is placed on the Inactive Calendar.  Because the 150-Day Order did not notify American Asphalt when the case was placed on the Inactive Calendar, but rather gave notice only of the court's intention to do so in the future, the order did not comply with Rule 38.1(e).

¶10     In so holding, we do not disapprove of Maricopa County's 150-Day Order, which provides useful advance notice to counsel.  But local practices must comport with and cannot supplant the rules of civil procedure.  *See State ex. rel. Romley v. Ballinger*, 209 Ariz. 1, 2 ¶ 6, 97 P.3d 101, 102 (2004) (emphasizing that superior courts have no authority to abridge rules of civil procedure).

¶11     Having found that the notice provided did not comply with Rule 38.1(e), we next consider the consequences.  We reject American Asphalt's argument that the superior court's judgment was void *ab initio*.  *See Cockerham v. Zikratch*, 127 Ariz. 230, 234, 619 P.2d 739, 743 (1980) (explaining that void judgments

5

are those rendered by a court lacking jurisdiction over subject matter or parties whereas erroneous judgments are those issued by courts with jurisdiction, but subject to reversal on appeal). Rather, we adopt the approach taken in *Copeland v. Arizona Veterans Memorial Coliseum & Exposition Center*, 176 Ariz. 86, 859 P.2d 196 (App. 1993). There, the court of appeals applied our decision in *Jepson v. New*, 164 Ariz. 265, 792 P.2d 728 (1990), to conclude that lack of notice is one factor, among many, that a court should consider in ruling on a Rule 60(c) motion. *See Copeland,* 176 Ariz. at 89-90, 859 P.2d at 199-200.

¶**12**      Here, unlike *Copeland*, American Asphalt did receive notice, albeit not the notice required under Rule 38.1(e), of the consequences of failing to file a Motion to Set. Express notice was set forth in the 150-Day Order (printed on a pink sheet of paper) as well as in Rule 38.1(d). Nonetheless, in an excess of caution, we vacate the court of appeals' decision and remand the case to the superior court because the record does not make clear whether that court considered the 150-Day Order dispositive. On remand, the superior court should follow the analysis in *Copeland* and determine what effect, if any, the absence of Rule 38.1(e)-compliant notice had on the conduct of counsel.

_____
Robert M. Brutinel, Justice

6

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice